### 8561

### LOGAN v. STANLEY.

MUNICIPAL ELECTORS—REGISTRATION—CITIES AND TOWNS—STATUTES.— Any citizen of a city or town registered to vote at a general municipal election may vote on that registration at any intervening special election. The 20 day registration provided by sec. 221 of Code of 1912 before special elections is supplemental to the general registration. The terms of the certificate of registration as provided in sec. 225 of Code of 1912, cannot govern the construction of sec. 221.

Petition in the original jurisdiction of this Court by George P. Logan for writ of injunction against Charles C. Stanley *et al.,* commissioners of election, and Allen Jones, Jr., and others, as managers of election, for the city of Columbia.

*Mr. R. H. Welch,* for petitioner.

*Mr. H. N. Edmunds,* contra.

May 28, 1913. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The petition states the facts, and the sole question of law involved is whether the qualified electors of the city of Columbia and the town of Shandon are entitled to vote under the general municipal registration at the special election, mentioned in the petition, to be held on 3 June, 1913, or whether they should be excluded from voting unless they register under the statutory provision for registration for special municipal elections.

The question arises under the following sections of the Code of 1912:

220. "Every male citizen of this State and of the United States of the age of twenty-one years and upwards, having all of the qualifications mentioned in section 200, and who has resided within the incorporate limits of any incorporated city or town in this State for four months previous to any municipal election, and has paid all taxes due and collectible for the preceding fiscal year, and who has been registered as hereinafter required, shall be entitled to vote in all municipal elections of his city or town.

221. "Ninety days before the holding of a regular election in any incorporated city or town in this State the mayor or intendant thereof shall appoint one discreet individual, who is a qualified elector of such municipality, as supervisor of registration for such city or town, who shall hold office for the term of two years or until his successor has been appointed and qualified, and who shall receive as compensation for his service one dollar per day for each day actually engaged in the discharge of his duties, to be paid by the town or city, whose duty it shall be to register all qualified electors within the limits of the incorporated city or town. The names of all qualified electors of such municipality shall be entered in a book of registration, which, at least one week

before the election, and immediately after the holding of the election, shall be filed in the office of the clerk or recorder of such city or town, and shall be a public record, open to the inspection of any citizen at all times: *Provided,* That twenty days prior to any special election to be held as aforesaid the books of registration shall be opened for the registration of the names of the qualified electors therein, and shall remain open for a period of ten days: *Provided,* That in cities of over fifty thousand inhabitants there shall be appointed three supervisors, who shall represent different political parties or factions of parties. Immediately preceding any municipal election to be held in any incorporated city or town in this State, the supervisor or supervisors (as the case may be) shall prepare for the use of the managers of election of each polling precinct in such city or town a registration book or books for each polling precinct in such city or town, containing the names of all electors entitled to vote at such polling precinct at said election."

In *Bray* v. *Florence,* 62 S. C. 57, the Court held that the requirements of the Constitution that "the General Assembly shall provide for the registration of all voters before each election in municipalities" refers to general and not to special municipal elections.

The meaning of the statute is obscure and the point is not free from difficulty. The statute gives two opportunities for registration: one, the general municipal registration first provided for in section 221, and the other a special registration to be opened twenty days before any special election for ten days.

We think the better construction is that the special registration for special elections was intended to supplement the regular registration in order that those who are qualified, but not duly registered since the last general election, may not be deprived of the right to vote at special elections. There is nothing in the statute clearly indicating a purpose to deny the right to vote at special elections under the gen-

eral municipal registration, but, on the contrary, section 220 confers on every citizen otherwise qualified, "who has been registered as hereinafter required," the right to vote "at all municipal elections of his city or town." It follows that when a citizen avails himself of either of the opportunities of registration "hereinafter provided for" he has complied with the law.

These considerations are controlling against the mere form of the certificate in section 225, which contains the statement that the person named therein "is entitled to vote in the municipal election on the —— day of ——, 1——." The expression of the right to vote at one time standing alone might imply an intention to exclude the right at another, but it has little weight when opposed to the more direct purposes and provisions of the statute, especially when it is found only in the form of the certificate.

The judgment of the Court is that the prayer of the petition be granted.