8591

STATE *EX REL.* CULP v. CITY COUNCIL OF UNION.

ALDERMAN—REGISTRATION—CITIES AND TOWNS.—A resident of a city ward, who is a qualified elector for county elections, but who has not registered in the general municipal registration for the election at which he was elected alderman, is not qualified to hold the office in a city chartered under the general law for cities containing over 5,000 inhabitants.

Before SEASE, J., Union, December, 1912. Affirmed.

Petition of F. B. Culp *et al.* for writ of mandamus against the city council of the city of Union.   Defendants appeal.

*Mr. J. Ashby Sawyer,* for appellants, cites: *Municipal registration is not necessary to hold the office of alderman:* 55 S. C. 90; 28 Cyc. 412; 23 Ency. 330; 61 S. C. 67; 62 S. C. 67.   *Kirby, holding the office before the election, is still the alderman from that ward, if there is a vacancy, by virtue of holding till his successor qualifies:* 29 Cyc. 1399, 1400, 1402; 23 Ency. 412, 415; 14 L. R. A. 858. *Court cannot require city council to hold election after election declared:* 73 S. C. 398; 52 S. C. 60; 3 L. R. A. 316; 70 S. C. 313; 30 S. C. 579; 19 Ency. 866; 22 S. C. 582; 26 Cyc. 162; 30 S. C. 579; 3 L. R. A. 777; 33 S. C. 278; 68 S. C. 552; 27 At. 449.

*Messrs. Young & Beatty,* contra, cite: *Qualification to hold municipal office:* 23 Ency. 530, 531; 9 Pa. St. 518; 16 Nev. 59; 67 Mo. 337; 98 N. C. 348; 96 N. C. 514, 49, 127; 97 N. C. 227; 55 S. C. 90; 10 Ency. 860; 23 Ency. 338-9. *Vacancy as applied to an office:* 29 Ency. 562-3; 77 Va. 300; 15 R. I. 621; 57 Cola. 620; 25 Fla. 426; 44 Ia. 15; 71 Kan. 327; 54 N. H. 509; 54 Tex. 482; 76 S. C. 574; 75 S. C. 574; 55 S. C. 90.   *Vacancy is created by expiration of regular term:* 151 N. Y. 497; 21 So. 665; 57 Cola. 620; 25 Fla. 192; 54 Tex. 482; 32 Fla. 138; 77 Va. 265; 23 Ency. 417; 14 S. C. 367.   *Mandamus may be issued:* 30 S. C. 582; 10 Ency. 805, 863; 19 Ency. 866, 867; 20 Ency. 793; 2 N. & McC. 169; 4 S. C. 128.

June 28, 1913.   The opinion of the Court was delivered by

MR. JUSTICE WATTS.   This is a petition filed by the relators, praying for a writ of mandamus, requiring the respondents (appellants here) to order and hold an election

in ward one, of the city of Union, for the election of an alderman from said ward. The petition exhibited verified and accompanied by affidavits sets forth: That at an election on June 4th, 1912, in the city of Union, J. E. Kirby received a majority of votes cast for alderman for ward one, and was declared elected to that office; that the said Kirby was not, at the time of said election, "a qualified elector, nor was he a registered voter in the said election," and was not, therefore, qualified to hold public office under the Constitution and laws of this State; that they are informed and believe that said Kirby is undertaking to act as alderman for said ward; that they called upon the mayor and aldermen from the other wards, and through petition demanded that an election be ordered; that they have the right to be represented in said council by some one who is a duly qualified elector; and that it is the official duty of the city council to order elections to fill vacancies and that the respondents are the officers of the city. Upon the petition and affidavits, Judge Sease issued a rule requiring the respondents to show cause before him why the writ prayed for should not issue. Return was made as required, and after argument, Judge Sease, on December 7th, 1912, made an order directing the writ of mandamus to issue, as prayed for, and the formal writ was issued. Appeal was made from the order of Judge Sease.

The undisputed facts in the case show that at the time of the election for mayor and alderman for the city of Union in 1912, J. E. Kirby had been, for at least four years prior thereto, a *bona fide* resident of the said ward, and had paid all taxes due and assessed against him for the preceding fiscal year, and held a registration certificate, duly issued by the board of registration for the county of Union, as a registered elector of ward one of Union, S. C. That he had been elected and served as alderman from that ward in 1908 and 1910, and had been duly nominated by

his party in 1912 and duly elected, but that he failed to register for the municipal election, 1912.

The city of Union is divided into wards, and is operated under charter for cities of over five thousand population and charter is issued by Secretary of the State. The original act providing for the incorporation and government of cities of more than five thousand inhabitants is found in vol. 23, Statutes at Large, as Act 377, page 648, passed in 1901. Section 2 thereof was incorporated in Code of 1902, as section 1965, vol. 1, and as part of the Code of 1912, vol. 1, section 2924, and reads as follows: "Said city shall be governed by a mayor and alderman, or in case of municipalities, being divided into wards, one alderman from each ward, who shall be, and be known as the city council of said city. Said mayor and alderman shall be qualified electors of this State and of the county in which said city is situated, and they shall have resided in the corporate city at least six months immediately preceding the day of election. If the city be divided into wards, the alderman from each ward shall be a qualified elector thereof, and shall be elected by the qualified electors thereof."

Section 221, Code of Laws 1912, vol. 1, provides for the registration for municipal elections in substance, that ninety days before holding the regular election, etc., a supervisor of registration shall be appointed, "whose duty it shall be to register all qualified electors within the limit of the incorporated city or town. The names of the qualified electors of such municipalities shall be entered in a book of registration, etc.," "provided that twenty days prior to any special election to be held as aforesaid, the books of registration shall be opened for the registration of the names of the qualified electors therein, and shall be open for a period of ten days. Immediately preceding any municipal election to be held in any incorporated city or town in this State, the supervisor or supervisors of registration (as the case

may be) shall prepare for the use of managers of election of each polling precinct in such city or town, a registration book or books for each polling precinct in such city or town, containing the names of all electors entitled to vote in such polling precinct at said election."

This clearly shows that, in order to vote in a municipal election a municipal registration is necessary, and it is a necessary qualification, in order to hold the office of alderman, that the party elected is not only a qualified elector and entitled to vote in the State and county elections, but he must be a resident of the ward from which he is elected and duly qualified to vote in the municipal election that elects him. In this election, Mr. Kirby was not a qualified elector, and could not be elected in it to the office of alderman, and is not entitled to that office, and that office is vacant, and his Honor, Judge Sease, committed no error in so holding and in issuing the writ of mandamus. All of the exceptions are overruled, and judgment appealed from affirmed, and case remanded with instructions that the city council of Union order an election to fill the vacancy within thirty days after remittitur is sent down to Circuit Court.