## 11589

### IN RE STATE *EX REL.* MUNN *ET AL.*
#### (125 S. E., 32)

1. ELECTIONS—CANDIDATE FOR HOUSE OF REPRESENTATIVES NOT DISQUALIFIED BECAUSE OF FAILURE TO PAY POLL TAX.—Candidate for seat in House of Representatives *held* not disqualified by nonpayment of poll tax.

2. APPEAL AND ERROR—QUESTIONS NOT ESSENTIAL TO DETERMINATION NOT CONSIDERED.—Question not necessary to determination will not be considered.

In the matter of the Democratic Primary Election held in the County of Kershaw on the 9th day of September, 1924, for the nomination of one member of the House of Representatives of the State of South Carolina. Original proceeding by the State, on the relation of J. B. Munn and others, as taxpayers and qualified electors, to enjoin the authorities of the Democratic party from placing the name of W. L. De Pass, Jr., on its ticket as a candidate for a seat in the House of Representatives. Petition refused, and proceedings dismissed.

*Mr. Harry Hines* for the petitioners.

*Messrs. H. N. Edmunds, L. T. Mills, R. H. Hilton* and *Mendel L. Smith* for the respondent.

October 28, 1924.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is a proceeding in the original jurisdiction of this Court to enjoin the authorities of the Democratic party

---

NOTE: On payment of poll taxes as a qualification of electors, see note in 29 L. R. A. 414.

from placing on its ticket for the November election the name of Mr. W. L. DePass, Jr., as a candidate of the Democratic party, for a seat in the House of Representatives from Kershaw County.

It is alleged that Mr. DePass is not qualified to fill the office by reason of the fact that he has not paid his poll tax. This does not disqualify him.

In the case of *State v. Mittle,* 120 S. C., 535, 536; 113 S. E., 338, 339, we find:

"A qualified elector is a citizen, male or female, of the State, 21 years of age and upwards, not laboring under the disabilities named in the Constitution and possessing the qualifications required by it, * * * among which, as this Court has held in *Mew v. Railroad Co.,* 55 S. C., 90; 32 S. E., 828, is registration; so that in short a qualified elector is a registered elector (though in passing the writer feels constrained to say that in his opinion the logic of Chief Justice McIver's dissent to the proposition that registration is essential to constitute one a qualified elector is unanswerable). Assuming, then, that registration is essential to the perfected status of a qualified elector, then it is clear that under the section first quoted a juror must be a registered elector, and that he cannot be registered with out complying with the requirements for registration. It will be noted that the requirements for registration do not include the payment of taxes; that is specifically made a condition for voting. The elector is a qualified elector when he shall have been registered. He, as a qualified elector, may exercise the right to vote upon compliance with the requirements as to payment of taxes. If he shall have been registered prior to January 1, 1898, he remains a qualified elector for life, regardless of the payment of taxes, but he cannot exercise the right of voting without complying with these requirements. If he shall have been registered after January 1, 1898, he remains a qualified elector until the next enrollment period, similarly regardless of the

payment of taxes and subject to the same conditions as to voting. If any elector of either class, within the period in which he remains a qualified elector, desires to vote, he must comply with the requirements as to the payment of taxes; but his status as a qualified elector is not destroyed by his nonequipment for voting at a particular election. Upon refusal of his right to vote for such nonconformity, he leaves the ballot box as a qualified elector still, and without further ceremony may equip himself for voting at a subsequent election; otherwise he would be obliged to renew his application for registration after every election at which he was not equipped as a voter, and the provisions of the Constitution as to remaining a qualified voter for the periods indicated would be annulled."

The principle is the same.

The returns raise several questions, but, as the other questions are not necessary to a determination of the case, they need not be considered.

The petition is refused, and the proceedings are hereby dismissed.

MESSRS. JUSTICES WATTS, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.