12948

STATE *EX REL* HARRELSON v. WILLIAMS, MAYOR, *ET AL.*

(154 S. E., 164)

*Mr. A. F. Woods,* for relator,

*Messrs. James C. Hooks* and *Lide & McCandlish,* for respondents,

July 12, 1930..

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE C. T. GRAYDON.

This is an action brought in the name of and with the

consent of the Attorney General of the State of South Carolina *ex rel*. R. B Harrelson against the mayor and aldermen of the town of Mullins, S. C., requesting the issuance of a writ of mandamus by this Court to compel the town council of the town of Mullins to order and hold an election for mayor for the next ensuing term as required by law. The relator in this case has followed the procedure laid down in the case of *State ex rel. Culp v. City Council of Union*, 95 S. C., 131, 78 S. E., 738. The statute provides that an election shall be held for the town council for the town of Mullins on the second Tuesday in January every two years (Section 4558, Vol. 3, Code of 1922; amended February 19, 1929, 36 Statutes, page 77).

The Democratic party on December 17, 1929, held a primary election in the town of Mullins for the purpose of nominating a mayor and six aldermen to participate in the general election for the ensuing term commencing June 10, 1930. There were six hundred and ninety-eight votes cast in this primary election of which Lawson Jordan received three hundred and eighty votes and R. B. Harrelson received three hundred and eighteen votes. The method of holding and the result of this Democratic primary is not here in question. The sole question before this Court is whether or not Lawson Jordan, who received the nomination of the Democratic party, is and was qualified on January 14, 1930, to be elected mayor of Mullins, S. C.

It is admitted by all parties that the books of registration for this municipal election were duly opened in accordance with law and that the books of registration closed in accordance with law in December, 1929, thirty days before the general election. At such registration sixteen persons were duly registered for the general election to be held in the town of Mullins on January 14, 1930. Lawson Jordan did not present himself for registration and did not secure a municipal registration certificate, although it is admitted that he

was a duly registered elector for the State and county. All of the votes cast in the general election were for Lawson Jordan.

It will be observed here that the qualifications for registration in the county and State are slightly different from the qualifications for registration in a municipality. In a municipality a person presenting himself for municipal registration is not only required to have a certificate from the registration officers of the county, but he must show further that he has been a resident within the corporate limits of the town for at least four months before the election, and that he has paid all taxes due and collectible for the preceding fiscal year.

It would be well here to again call attention to the distinction between a qualified elector and a qualified voter. In a county or State election a person may be a qualified elector and yet not be a qualified voter, because, in addition to being registered, he must show at the time he presents himself to vote that he has paid all taxes assessed and collectible during the previous year. *Watson v. Spartanburg County Board,* 141 S. C., 347, 139 S. E., 775.

So, therefore, we may have a qualified elector under the county and State law who is not a qualified voter.

In a municipal election when a person applies for registration he is required to prove the payment of taxes during the preceding year as a condition precedent to obtaining a municipal registration certificate, and the managers of municipal elections are simply required to have proof of the payment of taxes due and payable. Of course, if the election is one for which the elector has just registered, the presentation of the registration certificate in itself would be sufficient proof if the managers saw fit to accept it, where there had been no intervening tax period. If, however, the municipal election was during the two-year period for which the certificate had been issued, it would be a question for the managers

of election to determine what proof would be required of the prospective voter of the payment of taxes.

Another distinction between municipal registration certificates and county and state registration certificates is that a municipal certificate is only good for a period of two years, whereas the county certificate may be good for a period of ten years.

Under the decision of this Court in the case of *State ex rel. Culp v. City Council of Union, supra,* practically the identical question here under consideration was involved, and that case is controlling of the case at bar.

This is not at all in conflict with the decision *in Re State ex rel. Munn et al.,* 129 S. C., 476, 125 S. E., 32, where W. L. DePass, Jr., who was elected to the legislature, was a qualified elector, but had not paid his poll tax which was necessary to have made him a qualified voter. This distinction is also pointed out in the case of *Watson v. Spartanburg County Board, supra.*

The respondents earnestly urge that the disqualification must exist at the time of the taking of office and not at the time of the election. This ground is untenable for the reason that the queston is, Was he at the time of the election qualified under the Constitution and not at the time of the taking of office? The disability did actually exist at the time of the election, and so, therefore, Lawson Jordan could not legally be elected mayor of Mullins.

The further position is taken that, as the statute fixes the time for the holding of the election for mayor and aldermen, this Court has no power to issue a mandamus requiring the election to be held on some other date. There is no question about the fact that this Court does not have the power to change the date fixed by statute for a general election, but, where the election is held and is void or invalid for some reason, the inherent power rests in some tribunal to remedy this defect. Suppose the

town council of Mullins, upon whom the duty is placed by statute to hold the election, would refuse to hold it at the proper time. They could by this method perpetuate themselves in office. Suppose the mayor or the town council would die, could it be contended that no election could be held to fill this vacancy? There is no question about the proposition of law laid down by respondents that the town council of Mullins would have no right to arbitrarily change the date fixed by statute for the holding of the general election, but this Court has power to compel an election where there is a va-. cancy, as in this case, and where an election is necessary to fill such vacancy.

The respondents next contend that the proceeding is not one in the public interest, that R. B. Harrelson in estopped to maintain the action on account of having participated as a candidate in the primary, and that the Court should in its discretion refuse the writ. The case is brought in the name of the Attorney General with his permission and it affects a large number of citizens in the state. The principles are vital and fundamental and are with reference to a matter which is the very basis of our government, to-wit: a valid and legal election. The conduct of R. B. Harrelson as an individual, criticized by the respondents, is not a matter of concern with this Court. It is a case falling within the principles laid down by this Court and followed generally in the matter of conduct of elections, and it is clearly the duty of this Court to declare the law in such matters.

It is therefore ordered that the petition of the relator be, and the same is hereby, granted, and that a writ of mandamus issue from this Court signed by the Clerk of the Court directing the town council of Mullins to order a special election for mayor of the town of Mullins for the next ensuing term, as required by law.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER and CARTER concur.

Mr. Chief Justice Watts did not participate.