21313

Hugo SIMS, JR., Petitioner, v. H. Ray HAM, Margaret S. Townsend, Zilla Hinston, Dr. Neal D. Thigpen, and James O. Brown, as members of the State Board of Canvassers and Dr. Amelia S. Roberts, Respondents.

(271 S. E. (2d) 316)

*William L. Pope* of *Robinson, McFadden, Moore & Pope,* Columbia, *for petitioner.*

*Luther J. Battiste, III*, and *William T. Toal* of *Johnson, Toal & Battiste*, and *Atty. Gen. Daniel R. McLeod, Deputy Atty. Gen. C. Tolbert Goolsby, Jr.*, and *Asst. Attys. Gen. Treva G. Ashworth* and *James M. Holly*, Columbia, and *James Albert Bell*, St. George, *for respondents*.

October 9, 1980.

Ness, Justice:

This is an appeal from the Orangeburg County School Board election. The election was upheld by the local board of canvassers and subsequently reversed by the State Board of Canvassers. Petitioner, Hugo Sims, instituted this action pursuant to a writ of *certiorari* seeking review of the State Board's decision. We affirm.

This Court's scope of review of decisions of the State Board of Canvassers is limited to correcting errors of law; findings of fact will not be overturned unless wholly unsupported by the evidence. *Taylor v. Roche*, 271 S. C. 505, 248 S. E. (2d) 580 (1978). In applying this restrictive scope of review, the Court will employ every reasonable presumption in favor of sustaining the contested election. *Drawdy v. S. C. Democratic Executive Committee*, 271 S. C. 415, 247 S. E. (2d) 806 (1978).

On April 8, 1980, an election was conducted by the Orangeburg County Board of Education to fill two vacancies on the District No. 5 School Board of Trustees. On April 10, 1980, the county board of education declared Hugo Sims and Dr. Amelia Roberts the winners. A protest was filed by candidate Phyllis Pinckney on April 14, 1980, and on April 17, 1980, the county board of education upheld her protest and declared Hugo Sims and Phyllis Pinckney the winners.

On April 21, 1980, Dr. Roberts filed a protest with the county board of education challenging the voting instructions contained on the ballots and the election notice requirement. Following the denial of her protest by the county

board of education, Dr. Roberts lodged simultaneous protests on April 28, 1980 with the *State Board of Canvassers* and the *Orangeburg County Board of Canvassers,* alleging each board might have jurisdiction to hear her appeal. The county board disallowed her protest.

Dr. Roberts then filed a *second appeal* and protest with the *State Board of Canvassers* on May 12, 1980. Following a hearing on May 20, 1980, the State Board invalidated the election on the grounds (1) the ballot voting instructions circumvented S. C. Code § 7-13-1120 (1976), and (2) the Orangeburg County Board of Education failed to give proper notice of the time and place of the election.

The threshold question raised by petitioner is whether respondent, Dr. Roberts, is barred by S. C. Code § 7-17-30 (1976), which provides that protests to county elections shall be *made to the County Board of Canvassers* by Monday noon following the day of declaration of the election results. Here, the election results were declared on April 17, 1980, and Dr. Roberts filed her protest the following Monday, April 21, 1980, *with the county board of education.* Nevertheless, we conclude Dr. Roberts is not precluded from asserting her claim.

Generally, a protest must be lodged within the statutory time period or it is barred. *Smith v. Hendrix,* 265 S. C. 417, 219 S. E. (2d) 312 (1975). We hold that the protest procedure of Code § 7-17-30 applies to *county school board elections;* however, this procedure was not followed in Orangeburg County where the *county board of education* heard the protests and declared the election results. The prior protest of candidate Pinckney was similarly directed to the *county board of education.*

At no time prior to the simultaneous filing of protests on April 28, 1980 by Dr. Roberts with the County and State Boards of Canvassers had the County Board of Canvassers canvassed the votes or made a declaration of the results of the election as directed by Section 7-17-20. In fact, we are

unable to determine from this record whether the County Board ever canvassed the votes and declared the election as contemplated by this section. Assuming however, that the hearing and denial of the protest of Dr. Roberts on May 8, 1980 amounted to a compliance by the County Board with Section 7-17-20, certainly the prior filing of the protest by Dr. Roberts with that Board met all of the requirements of Section 7-17-30, for the denial of that protest was the only official action ever taken by the County Board of Canvassers relative to the election in question.

We, therefore, hold that under these facts the protest of Dr. Roberts was timely filed.

We are also unpersuaded by petitioner's contention that Dr. Roberts is estopped from objecting to the form of the ballot by not raising the objection prior to or during the election. In *Birchmore v. State Board of Canvassers,* 78 S. C. 461, 59 S. E. 145 (1907), the Court articulated the following test for waiver of the right to object to election irregularities:

"By waiver is meant the intentional relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such a right. Therefore in order to constitute waiver the person against whom the waiver is claimed must have full knowledge of his rights and of facts which will enable him to take effectual action for the enforcement of such right." 78 S. C. at 471, 59 S. E. 145.

We conclude the facts of this case are insufficient to establish waiver or estoppel.

Petitioner next asserts the State Board erred in holding the "vote for two, strike two" voting instructions violative of Code § 7-13-1120. We disagree.

Code § 7-13-1120 rejects any imposition of "full slate" voting, which requires electors to vote for the number of candidates to be elected in order for their votes to be counted.

In this instance, the votes were counted even though only one candidate was named on the ballot; nevertheless, we conclude the "vote for two, strike two" instruction was contrary to Code § 7-13-1120 as it sought to influence the elector's exercise of his right to vote for only one candidate.

It is well settled that an election will not be overturned by errors that do not appear to have affected the election's results. *Drawdy v. S. C. Democratic Executive Committee, supra.* In this case it is impossible to determine how many electors voted for two candidates in obedience to the ballot's instructions when they would otherwise have chosen only one.

The State Board found the "vote for two, strike two" instruction could have affected the outcome of the election by diluting the votes cast for the elector's choice of candidates, as the voters were erroneously led to believe they must vote for two of the candidates. This finding of fact is amply supported by the evidence, and obviates the necessity for this Court to pass on the remaining ground relied on by the State Board in invalidating the election.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.