22939

Carl KNIGHT, Petitioner v. The STATE BOARD OF CANVASSERS, The Dorchester Board of Canvassers, and J. C. Woodberry, Respondents.

(374 S. E. (2d) 685)

Supreme Court

*Robert N. Rosen,* of *Rosen, Rosen & Hagood,* Charleston, *for petitioner Knight.*

*Nancy D. Hawk,* Charleston, *for respondent J. C. Woodberry.*

*David B. McCormack,* of *Buist, Moore, Smythe & McGee,* Charleston, *for respondent Dorchester Bd. of Canvassers.*

*Deputy Atty. Gen. James P. Hudson,* Columbia, *for respondent State Bd. of Canvassers.*

December 14, 1988.

*Per Curiam:*

This is a proceeding under a writ of certiorari. Petitioner, a candidate for sheriff, contests the decision of respondent State Board of Canvassers (State Board) affirming the results of the Dorchester County Sheriff's Election. He contends that due to various statutory irregularities in the submission of and counting of absentee ballots, a new election should be held. Respondents oppose the ordering of a new election. Respondent Woodberry seeks costs and attorney's fees.

At the outset, petitioner concedes the general rule in this state is that this Court will employ every reasonable presumption in favor of sustaining a contested election and that mere technical irregularities or illegalities are insufficient to set aside an election unless the errors actually appear to have affected the result of the election. *Sims v. Ham,* 275 S. C. 369, 271 S. E. (2d) 316 (1980); *Gregory v. South Carolina Democratic Executive Committee,* 271 S. C. 364, 247 S. E. (2d) 439 (1978); *Berry v. Spigner,* 226 S. C. 183, 84 S. E. (2d) 381 (1954); *Bolt v. Cobb,* 225 S. C. 408, 82 S. E. (2d) 789 (1954). Petitioner further concedes that under this general rule his election protest would fail due to the

facts developed in this record. Nevertheless, petitioner urges that, in the matter of absentee voting, we adopt a strict scrutiny approach. Specifically, petitioner argues that the procedures for submitting and counting absentee ballots should be subject to strict scrutiny. Petitioner relies on *Wichelmann v. City of Glencoe*, 200 Minn. 62, 273 N. W. 638 (1937), *Davis v. Bd. of Education of Beaufort County*, 186 N. C. 227, 119 S. E. 372 (1923), and *Hilliard v. Park*, 212 Tenn. 588, 370 S. W. (2d) 829 (1963), as authority for his argument.

This Court's scope of review of decisions of the State Board of Canvassers is limited to corrections of errors of law; findings of fact will not be overturned unless wholly unsupported by the evidence. *Sims v. Ham, supra; Gregory v. South Carolina Democratic Executive Committee, supra; Redfearn v. Bd. of State Canvassers*, 234 S. C. 113, 107 S. E. (2d) 10 (1959).

Petitioner's argument for a strict scrutiny standard for absentee voting must fail because our General Assembly has specified that statutes concerning absentee registration and absentee voting shall be liberally construed. S. C. Code Ann. § 7-15-20 (Supp. 1987); *see also, Gregory v. South Carolina Democratic Executive Committee, supra*. Because the General Assembly has required us to liberally construe those statutory provisions governing the registration for and submission of absentee ballots, we conclude the State Board's decision affirming the counting of those absentee ballots which did not meet all the technical absentee ballot requirements did not constitute an error of law.

Further, we find that the poll managers' failure to count all the absentee ballots without interruption and without adjournment did not affect the result of the election, although the action was a violation of S. C. Code Ann. § 7-13-1110 (Supp. 1987). We find ample evidence in the record which supports the State Board's conclusion that the absentee ballots which were set aside on election night had been secured and that no tampering had occurred.

Accordingly, we affirm the decision of the State Board upholding the election. No costs or attorney's fees shall be awarded.

Petition dismissed.