478 S.E.2d 680

Jeffery D. BURGESS, Appellant,

v.

EASLEY MUNICIPAL ELECTION COMMISSION, Respondent.

Opinion No. 24537.

Supreme Court of South Carolina.

Heard Oct. 16, 1996.
Decided Dec. 2, 1996.
Rehearing Denied Jan. 9, 1997.

Jeffery D. Burgess, Easley, pro se.

G. Edward Welmaker, Pickens, for respondent.

MOORE, Justice:

Appellant Burgess commenced this action contesting the results of the Easley mayoral election. Respondent Easley Municipal Election Commission (Commission) upheld the election and the circuit court affirmed this ruling. We affirm.

## FACTS

Burgess was a write-in candidate for mayor in the April 1995 election and received 93 of the total 573 votes cast. On election day, Burgess's personal ballot was challenged at the polls because his voter registration certificate indicated an address that was in a different precinct. Burgess claimed he had only recently moved and he therefore should have been allowed to vote in his old precinct.[1]

After the election, Burgess commenced this action claiming the format of the printed ballot was insufficient because it did not provide a specific place for a write-in candidate's name. The Commission found Burgess was ineligible as a mayoral candidate because he was not a qualified registered elector and it rejected his challenge to the ballot format. On appeal, the circuit court agreed Burgess was ineligible as a mayoral candidate and concluded he had no standing to contest the election. Burgess now appeals to this Court.

---

1. Both addresses were within the city limits of Easley.

## ISSUES

1. Was Burgess eligible as a mayoral candidate?
2. Should the results of the election be overturned because of the insufficiency of the ballot format?

## DISCUSSION

Burgess contends the circuit court erred in holding he was ineligible as a mayoral candidate and had no standing to contest the election.

The City of Easley's municipal ordinance § 10–9 provides: Each candidate for municipal office shall be a *qualified registered elector.* He shall meet the legal requirements as to residence in the state, county and city and shall have a legal registration certificate which shall not be less than thirty days old at the date of the election, and shall have his name on the ward book of registration.

 The circuit court found Burgess was not a qualified registered elector and was therefore ineligible as a candidate under this ordinance. Although Burgess was not a qualified *voter* because he presented himself at the wrong precinct for voting,[2] he was a qualified *elector* because he was properly registered. *See State ex rel. Harrelson v. Williams,* 157 S.C. 290, 154 S.E. 164 (1930) (a qualified elector is one who properly registered; a qualified voter is one who meets all the conditions to vote at the time he presents himself to vote). We conclude the circuit court erred in affirming the Commission's ruling that Burgess was not a qualified candidate for mayor.

 On the merits of his claim regarding the insufficiency of the ballot format, however, Burgess cannot prevail. In

---

2. Under the City of Easley's municipal ordinance § 10–1, a voter must be a resident of the precinct in which he wishes to vote. South Carolina Constitution art. II, § 4, provides that "any registered elector who has moved his place of residence within the State during the thirty days immediately prior to the date of any election shall be entitled to vote in his previous precinct...." The record indicates Burgess officially changed the address on his voter registration card on March 18, 1995. Accordingly, his change of residence was at least thirty-one days prior to the election on April 18 and therefore outside the thirty-day grace period.

an election contest, irregularities that do not affect the result of the election will not be used to overturn it. *Greene v. S.C. Election Comm'n*, 314 S.C. 449, 445 S.E.2d 451 (1994). There is no evidence that had the ballot format been as Burgess wished, the result of the election would have been different. He admitted at the hearing before the Commission that he was unaware of any voter who would have voted differently. Accordingly, Burgess has failed to show reversible error.

Burgess's remaining arguments are without merit and are affirmed under Rule 220(b), SCACR.

**AFFIRMED.**

FINNEY, C.J., and TOAL, WALLER and BURNETT, JJ., concur.