524 S.E.2d 400

## In re BAMBERG EHRHARDT SCHOOL BOARD ELECTION (DISTRICT 1, SEAT 2) HELD APRIL 13, 1999.

Evelyn W. Singleton, Petitioner,

v.

Betty Kilgus, Dorothy Lee, James M. George, Verlene Baucham, and Patty G. Blume, Members of the Bamberg County, Registration and Election Commission and/or Bamberg County, Board of Canvassers; Andrew M. Carter and Sheri S. Seigler; and Samuel W. Howell, IV, Dr. Walter C. Robinson, Martha C. Edens, Dr. Deborah B. Cureton and Vernon F. Dunbar, Members of the State, Board of Canvassers and/or South Carolina, State Election Commission, Respondents.

No. 25030.

Supreme Court of South Carolina.

Heard Oct. 20, 1999.

Decided Dec. 6, 1999.

562

Russell Brown, of Charleston, for petitioner.

Norma A.T. Jett, of Early & Ness, of Bamberg, for respondents Bamberg County Registration and Election Commission and Bamberg County Board of Canvassers.

Attorney General Charles M. Condon, Deputy Attorney General Treva Ashworth and Senior Assistant Attorney General C. Havird Jones, Jr., all of Columbia, for respondent South Carolina State Election Commission.

Andrew M. Carter, pro se, of Ehrhardt.

Sheri S. Seigler, pro se, of Ehrhardt.

MOORE, Justice:

We granted a writ of certiorari to review the decision of the South Carolina State Election Commission (State Commission) regarding a local school board election in Bamberg County. We affirm.

## FACTS

Petitioner Singleton was a candidate in an election held April 13, 1999, for Seat 2 of the Bamberg Ehrhardt School Board, District 1. On Thursday, April 15, the Bamberg County Board of Canvassers (County Board) certified petitioner as the winner. The results of the election indicated petitioner received 127 votes, Sherri Seigler received 75 votes, and Andrew Carter received 74 votes.

It was subsequently discovered that the candidates were not listed in alphabetical order on the paper totals retrieved from the machines after the election. A malfunction of the voting machines was suspected. The County Board contacted the State Commission. On April 20, the State Commission sent a data coordinator, Shaek Abraham, to do a total machine retrieval. With several people present, Abraham unsealed the machines. A total machine retrieval was performed by comparing the actual ballots with a blank ballot to determine how the votes were actually cast.

Abraham determined that the software for the machines had been incorrectly programmed to rotate the candidates' names on the paper totals but not the number of votes cast for each candidate. As a result, the outcome indicated on the paper totals was incorrect. The correct result obtained from the total machine retrieval indicated Seigler, and not petitioner, was the winner. Petitioner received 96 votes, Seigler 147, and Carter 33.

The next day, Wednesday, April 21, Seigler filed a protest with the County Board. A hearing was held April 26. Based on the total machine retrieval, the County Board certified Seigler the winner. Petitioner appealed to the State Commis-

sion alleging the total machine retrieval did not comply with statutorily mandated procedures, including failure to obtain a court order before the machines were opened as required under S.C.Code Ann. § 7–13–1890 (1976).

The State Commission found no fraud was alleged or proven but agreed the statutory procedure was not followed. It reversed the County Board's certification of Seigler as the winner and remanded the matter for a total machine retrieval to be conducted in compliance with § 7–13–1890. Petitioner sought review in this Court.

## ISSUES

1. Does the record indicate Seigler's protest was not timely filed?

2. Do statutory violations require this election be set aside?

## DISCUSSION

### 1.  Timeliness of protest

Petitioner contends Seigler's protest to the County Board was not timely filed as required by S.C.Code Ann. § 7–17–30 (Supp.1999) which provides:

> Any protest or contest must be filed in writing with the chairman of the [county] board ... by noon Wednesday following the day of the declaration by the board of the result of the election.

This issue is without merit.

First, petitioner never raised this time-bar issue below. Although a protest that is not timely is barred, *Sims v. Ham*, 275 S.C. 369, 271 S.E.2d 316 (1980), a time bar does not raise the issue of subject matter jurisdiction and is waived by the failure to raise it. *McLendon v. South Carolina Dept. of Highways*, 313 S.C. 525, 443 S.E.2d 539 (1994) (statute of limitations defense). Since this issue was not raised or ruled on below, it is not preserved on appeal to this Court. *Mullinax v. J.M. Brown Amusement Co.*, 333 S.C. 89, 508 S.E.2d 848 (1998).

■ In any event, petitioner cannot prevail on the merits. She contends the time for Seigler to file a protest began running on the night of the election when Seigler saw a printout of the election results posted at the polls. This is incorrect. The time to file a protest commences running when the County Board canvasses the votes and transmits them to the State Commission as required under S.C.Code Ann. § 7–1–20 (1976). *Sims v. Ham, supra.* The order of the State Commission states the County Board "certified" the election results on Thursday, April 15. This is the only indication in the record of any action by the County Board in compliance with § 7–17–20. Accordingly, Seigler's protest was timely filed on Wednesday, April 21, which was the first Wednesday after the County Board's action on April 15.

■ Petitioner contends in the alternative there is no evidence in the record that Seigler's protest was filed *before noon* on Wednesday, April 21, as required under § 7–13–30. As the appellant in this case, however, petitioner has the burden of showing the protest was *not* filed before noon. She has failed to meet this burden. *Germain v. Nichol,* 278 S.C. 508, 299 S.E.2d 335 (1983) (appellant has burden of providing this Court with sufficient record).

### 2. Statutory violations

Petitioner contends the failure to comply with statutory requirements in conducting the total machine retrieval requires that the original election results be reinstated or the entire election be invalidated.

■ First, there is absolutely no support for reinstating the original election results since the only evidence in the record indicates those results were incorrectly tabulated. The only question is whether the failure to comply with statutory provisions requires the election to be invalidated rather than conducting a new total machine retrieval as ordered by the State Commission. Petitioner alleges the following statutory violations.

■■ **S.C.Code Ann. § 7–17–40 (1976):** This section requires that the poll list shall accompany the voter tabulation in any proceeding involving a protest. Petitioner complains the

poll list was not made a part of the record before the County Board. This complaint was not addressed below and therefore it is not preserved on appeal. *Mullinax, supra.* Moreover, mere irregularities that do not affect the result of the election will not be allowed to overturn it. *Burgess v. Easley Municipal Election Comm'n,* 325 S.C. 6, 478 S.E.2d 680 (1996); *Greene v. South Carolina Election Comm'n,* 314 S.C. 449, 445 S.E.2d 451 (1994); *Fielding v. South Carolina Election Comm'n,* 305 S.C. 313, 408 S.E.2d 232 (1991).

■ **S.C.Code Ann. § 7–13–1910 (1976):** This section provides that an "unauthorized person" found in possession of a voting machine key shall be guilty of a misdemeanor. This violation was not addressed below and is not preserved on appeal. *Mullinax, supra.* In any event, Abraham was directed to open the voting machines by the State Commission.

■ **S.C.Code Ann. § 7–13–1920 (1976):** This section provides that any person who tampers with a locked voting machine "with the intent to destroy or change the record of votes" shall be guilty of a misdemeanor. This violation was not addressed below and is not preserved on appeal. *Mullinax, supra.* In any event, there is no evidence Abraham opened the machines with any intent to change or destroy the record of votes.

■ **S.C.Code Ann. § 7–13–1890 (1976):** This section requires that voting machines remain locked for at least thirty days after an election except to prepare for another election or "except that they may be opened and all data examined upon the order of a court of competent jurisdiction." The State Commission found the failure to get a court order before conducting the recount was an irregularity remedied by ordering a remand for a new total machine retrieval upon obtaining a court order. We agree.

There is no evidence the recount contaminated the actual election results which still remain in the machines. The failure to obtain a court order before conducting the recount was therefore a mere irregularity that did not affect the results of the election. Such an irregularity will not set aside the election unless there is fraud, a constitutional violation, or it is specifically provided by statute that the irregularity shall

invalidate the election. *Butler v. Town of Edgefield,* 328 S.C. 238, 493 S.E.2d 838 (1997); *Yonce v. Lybrand,* 254 S.C. 14, 173 S.E.2d 148 (1970). Here, there is no fraud, no constitutional violation, and no specific statutory remedy requiring the election be invalidated for failure to get a court order before opening the locked machines. *See also Knight v. State Bd. of Canvassers,* 297 S.C. 55, 374 S.E.2d 685 (1988) (election not set aside for failure to count absentee ballots without interruption in violation of statute); *Berry v. Spigner,* 226 S.C. 183, 84 S.E.2d 381 (1954) (election not set aside where poll managers entered voting booths in violation of statute); *cf. George v. Municipal Election Comm'n,* 335 S.C. 182, 516 S.E.2d 206 (1999) (election set aside for constitutional violation and total disregard of statutory scheme protecting secrecy of ballot).

We hold the failure to obtain a court order before opening the locked machines was a mere irregularity that is cured by the remand for a new total machine retrieval upon obtaining a court order as directed by the State Commission. Any challenges to the recount procedure may be raised at that time.

**AFFIRMED.**

FINNEY, C.J., TOAL, WALLER and BURNETT, JJ., concur.