## 18727

Alex BRAVE, Plaintiff-Appellant, v. Billy BLAKELY, Defendant-Appellant, and David Dickerson McCants, Respondent

(157 S. E. (2d) 726)

*Messrs. Smith, Moore, Flowers & Doar,* of Georgetown, *for Defendant-Appellant,*

*Messrs. Rosen & Rosen,* of Georgetown, and *Suggs & McCutcheon,* of Conway, *for Plaintiff-Appellant,*

*Messrs. Grimes & Hinds,* of Georgetown, *for Defendant-Respondent,*

November 14, 1967.

Lewis, Justice.

This action arose out of a three car collision in which plaintiff's automobile, stopped on the roadway at the time, was struck in the rear by the pickup truck of defendant McCants whose truck was in turn hit from the rear by defendant Blakely's automobile. The action was originally instituted by plaintiff against McCants but Blakely was subsequently impleaded as a party defendant, with counter-claims against plaintiff and cross-complaints against each other being thereafter filed by both defendants. Under the final pleadings, the issues involved generally the liability of the respective parties for the resulting injuries and damage sustained by each in the collision, each alleging that his damages resulted from the negligence and recklessness of the other and pleading defensively the others' contributory negligence and recklessness.

Upon the trial of the case, the trial judge, after refusing timely motions by all parties for nonsuit and directed verdict, submitted all issues to the jury, resulting in a verdict in favor of defendant McCants against plaintiff and the code-fendant Blakely for the sum of Twenty Thousand ($20,000-.00) Dollars, actual damages. Post trial motions for judgment notwithstanding the verdict and, in the alternative, for a new trial were denied, from which plaintiff and defendant Blakely have prosecuted this appeal.

Under the appeal of the defendant Blakely, he contends that his motion for a directed verdict should have been

granted by the trial judge because the evidence conclusively shows that respondent's damages resulted either from his own contributory negligence and recklessness or from the sole negligence and recklessness of the plaintiff; and, in the alternative, he seeks a new trial because of alleged error in the charge to the jury and the refusal of the trial judge to grant a motion made by him for a mistrial. The plaintiff appeals only upon the ground that the respondent is barred of recovery by his own contributory negligence and recklessness.

We dispose first of the position of the appellants that the trial judge erred in refusing their motions for a directed verdict.

Viewing the testimony in the light most favorable to the respondent, as we are required to do, it appears that, on November 22, 1965, at approximately 6:00 o'clock a. m., while it was still dark, plaintiff, while proceeding north along South Island Road in the City of Georgetown, stopped his automobile on the paved portion of the road to investigate some mechanical trouble that had developed in the motor. South Island Road was a two lane street with one lane for traffic in each direction and a posted speed limit of 35 m.p.h. Plaintiff's vehicle was so stopped as to block the north bound lane, without lights or other signal to warn traffic of its presence in the street. While plaintiff's automobile was so stopped, respondent McCants, driving his pickup truck north along the street at a speed of 30 to 35 m. p. h. and momentarily blinded by the lights of an automobile approaching from the opposite direction, struck the rear of plaintiff's unlighted automobile. McCants testified that, when the lights of the oncoming vehicle blinded him, he immediately reduced the speed of his vehicle, but saw the plaintiff's car too late to stop.

Almost simultaneously with the impact of the McCants vehicle with that of plaintiff, defendant Blakely, who had been following McCants, struck the rear of the McCants truck. Blakely testified that he had been following McCants

for some distance and was aware of his presence ahead of him. As a result of the impact of the McCants vehicle with the parked automobile of plaintiff and the almost simultaneous blow from the Blakely automobile, McCants was seriously injured and his truck damaged.

Appellants contend that respondent is barred of recovery by his own contributory negligence and recklessness because he drove his pickup truck at such a rate of speed that it could not be stopped within the range of his vision. This is based upon testimony of respondent that he was travelling 30 to 35 m. p. h. and could only see 10 to 15 feet ahead. This contention overlooks other testimony of respondent, from which it is inferable that the range of his vision was so reduced at the time because he was momentarily blinded by the lights of an approaching automobile.

The conduct of a motorist in proceeding while momentarily blinded by the glare of oncoming lights must be assessed by the standard of due care under all of the particular facts and circumstances of each case. Whether or not a motorist is guilty of contributory negligence in failing to stop or to have his vehicle under such control that he can stop within the range of his vision is ordinarily a question for the jury. It becomes a question of law for the Court to decide only when but one reasonable inference can be drawn from the testimony. In applying these principles, we held in *Edwards v. Bloom,* 246 S. C. 346, 143 S. E. (2d) 614, that the conduct of the motorist in proceeding while blinded by the sun amounted to contributory negligence as a matter of law; while in *Beverly v. Sarvis,* 246 S. C. 470, 144 S. E. (2d) 220, the particular conduct of the driver in continuing to proceed after his vision became obstructed by lights from an oncoming vehicle was held to present a jury issue as to contributory negligence or recklessness. Also, in *Jeffers v. Hardeman,* 231 S. C. 578, 99 S. E. (2d) 402, the question of whether a motorist was reckless in continuing to drive at a reduced speed instead of stopping when momentarily blinded by a cloud of dust was held for the jury.

The general question is discussed in 8 Am. Jur. (2d), Automobiles & Highway Traffic, Sections 720, 721 and 724. There is also an exhaustive annotation in 22 A. L. R. (2d) 292.

Under the present facts, the conduct of the respondent in proceeding as he did, although momentarily blinded by oncoming lights, did not constitute contributory negligence or recklessness as a matter of law. He was not required to anticipate that plaintiff would stop his automobile on the street without lights or warning. *Beverly v. Sarvis, supra.*

Appellant Blakely argues further that his position was identical with that of respondent because he was also momentarily blinded by the lights of the same oncoming automobile, and that, if he was guilty of negligence or recklessness, the respondent was also guilty of such conduct which would bar him of recovery.

However, there is testimony that appellant Blakely knew that respondent was travelling ahead of him and that he was following so closely until the two impacts were almost simultaneous. Whether or not appellant Blakely was following the respondent more closely than was reasonable and prudent and its causal connection with the collision were issues properly submitted to the jury.

We have not attempted to state all of the testimony which is admittedly in dispute on the material issues. Further review of it would serve no useful purpose. However, it is inferable from the record that plaintiff unlawfully stopped his automobile in the darkness on the traveled portion of the highway in violation of Section 46-481, 1962 Code of Laws, without lights or warning of its presence; that defendant McCants, while momentarily blinded by the lights of a vehicle approaching from the opposite direction and exercising due care under the circumstances, struck the rear of plaintiff's unlawfully parked automobile; and that defendant Blakely, knowing that defendant McCants was travelling ahead of him, followed too closely in violation of Section

46-393, 1962 Code of Laws and was, as a result, unable to avoid striking the rear of the McCants truck. Under these circumstances, the trial judge properly denied the motions for a directed verdict and submitted the issues relative to the negligence, recklessness, contributory negligence and contributory recklessness of the parties to the jury for determination.

It is next contended that a new trial should be granted because of alleged error in the refusal to give three of the requested instructions to the jury. One of these requests concerned the duties of the driver of a rear vehicle when faced with a sudden stop by the lead vehicle; and another the right of a motorist to continue on his course while momentarily blinded by the lights of an oncoming vehicle, or finds himself confronted with a sudden condition which could not have been foreseen. The third was a request to charge Section 46-484 of the 1962 Code of Laws, which requires that a motorist when stopping or parking his car upon a roadway with an adjacent curb must have his right-hand wheels parallel to and within eighteen inches of the right-hand curb.

The exceptions which attempt to challenge the refusal to grant the foregoing requests to charge are as follows:

"5. The trial court erred in refusing to charge the jury requests Nos. 2 and 3 as set forth in the defendant Blakely's request for charges, the error being that both of the requested charges are proper statements of law and applicable to this case in view of the evidence introduced.

"6. The trial court erred in refusing to charge Section 46-484 of the 1962 South Carolina Code of Laws as requested by the defendant Blakely."

The foregoing exceptions are too general and indefinite to be considered. Rule 4, Section 6, of the Rules of this Court.

However, although not properly before us, we have considered the requests to charge and fail to find any prejudice to the appellants by the refusal of the trial

judge to charge as requested. The instructions given to the jury in the general charge afforded a proper test for determining the issues.

Finally, the position is taken that the trial judge erred in refusing to declare a mistrial because of the mention of the word "adjuster" in the testimony of the respondent McCants. McCants was asked on cross examination about an allegedly prior inconsistent written statement made by him. The statement was read to the witness and he testified that he did not remember making it. On re-direct examination he testified that he was in the hospital under sedation at the time the statement was allegedly made and did not remember everything that was in it. The record then contains the following question and answer relative to the making of the statement:

"Q. Did you write that statement?

"A. I did not. The adjuster wrote the statement, and he asked me to sign it after he wrote it up."

A motion was thereafter made for a mistrial upon the ground that the mention of the word "adjuster" was tantamount to injecting into the record an implication of insurance coverage which was prejudicial to appellants. The motion was refused and properly so under the general principle adopted in *Powers v. Temple,* S. C., 156 S. E. (2d) 759, that "where a previously written statement is produced in court and used for the purpose of impeaching plaintiff or one of his witnesses, it is proper for plaintiff's counsel to show that the person procuring such statement was a representative of defendant's insurance company."

Affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.