0309

Vernon LEVER, Respondent, v. WILDER
MOBILE HOMES, INC., Appellant.

(322 S. E. (2d) 692)

Court of Appeals

*William B. Woods* and *Leonard R. Jordan, Jr.,* of *Berry, Dunbar & Woods,* Columbia, *for appellant.*

*Oswald & Floyd,* West Columbia, *for respondent.*

Heard Sept. 19, 1984.

Decided Nov. 5, 1984.

SHAW, Judge:

Respondent Vernon Lever brought this action against Wilder Mobile Homes, Inc., for trespass and nuisance, alleging Wilder improperly maintained its sewage treatment lagoon. Lever complained the lagoon emitted offensive odors and leaked sewage that ran six hundred feet downhill into his fish pond, polluting the pond and killing the fish. The jury returned a verdict for Lever for $10,000 actual and $5,000 punitive damages. We affirm.

When a legal action tried by a jury is appealed, this court can correct errors of law; however, the court will not disturb a factual finding by the jury unless it finds no evidence in the record reasonably supporting the jury's finding. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773, 775 (1976).

Wilder first argues the trial court erred in refusing to grant its motions for directed verdict and judgment notwithstanding the verdict. However, issues are for

the jury when the evidence, viewed in the light most favorable to the non-moving party, may establish the issues in the mind of a reasonable juror. *Brave v. Blakely*, 250 S. C. 353, 157 S. E. (2d) 726, 728 (1967). We hold the nuisance issue was for the jury. In South Carolina "anything" working inconvenience or damage, or interfering with the enjoyment of life or property is a nuisance. *Strong v. Winn-Dixie Stores, Inc.*, 240 S. C. 244, 125 S. E. (2d) 628, 632 (1962). More to the point, it is a nuisance to use property in such a way that annoying or injurious odors are emitted. *Woodstock Hardwood & Spool Manufacturing Co. v. Charleston Light & Water Co.*, 76 S. C. 95, 63 S. E. 548, 556 (1909). There is evidence in the record Wilder's actions inconvenienced Lever and interfered with the enjoyment of his life and property: Lever's wife testified the offensive odors from Wilder's property (1) precluded the couple from continuing to host family picnics and church groups, and (2) interfered with Lever's gardening activities. Under the "two-issue rule" it is unnecessary for us to consider whether the trespass issue was for the jury. In *Anderson v. West*, 270 S. C. 184, 241 S. E. (2d) 551, 553 (1978) the court held where the jury returns a general verdict involving two or more issues and the verdict is supported as to at least one issue, the verdict will not be reversed on appeal. Therefore, the trial court was correct in refusing to grant Wilder's motions.

Wilder also argues the trial court erred in its charge allowing the jury to consider damages accruing after filing of the suit. However, the trial court instructed the jury that "actual damages are intended ... to put [the injured party] in the same position he was in before the incident occurred." Since failure to give requested instructions is not prejudicial error where the instructions given afford the proper test for determining the issues, we dismiss this argument. *Brave* 157 S. E. (2d) at 729.

Finally, Wilder argues the trial court erred in allowing Lever to amend a paragraph in his amended complaint at the end of trial. The paragraph had stated, "Defendant has stripped its property of most of the trees [in such a manner that waste flowed onto plaintiff's property]." As amended the paragraph stated defendant "maintained" its property in such a manner that waste flowed onto plaintiff's property. S. C. Code Ann. Section 15-13-920 (1976) provides,

"The court may, before or after judgment, in furtherance of justice and on such terms as may be proper, amend any pleading ... when the amendment does not change substantially the claim ..., conforming the pleading ... to the facts proved." The Supreme Court has held "[t]he allowance of an amendment to pleadings under this [s]ection is addressed to the discretion of the circuit judge and his action is not subject to review ... unless there has been an abuse of discretion." *Kirven v. Lawrence*, 244 S. C. 572, 137 S. E. (2d) 764, 766 (1964). We disagree with Wilder's contention the amendment "changed the entire meaning" of Lever's allegation and dismiss this argument.

Affirmed.

BELL, J., concurs.

GOOLSBY, J., concurs in result.