## 1533

Gene R. ELLISON, as Trustee, Respondent v. PARTS DISTRIBUTORS, INC., and Marion T. Burnside, Jr., Appellants.

(395 S.E. (2d) 740)

Court of Appeals

*Harry A. Swagart, III,* and *James H. Lengel,* both of *Swagart & Lengel,* Columbia, *for appellants.*

*Mark S. Barrow,* of *Collins & Lacy,* Columbia, *for respondent.*

Heard May 7, 1990.

Decided Aug. 27, 1990.

SHAW, Judge:

Respondent, Gene R. Ellison, as Trustee, sued for payment on a promissory note issued by appellant, Parts Distributors, Inc., and guaranteed by appellant, Marion T. Burnside, Jr. Following a jury verdict in favor of Ellison, Parts Distributors and Burnside appeal alleging various errors by the trial judge. We reverse and remand.

The record before us reveals that Burnside borrowed money on behalf of Parts Distributors through Ellison, who was trustee for an undisclosed lender. The principal sum borrowed under the note was $18,915.75. Burnside made a substantial payment in November of 1981 leaving a principal balance of $8,607.78. Burnside testified that in 1982 he paid the loan with a cash payment and the cash payment was at Ellison's request. He stated he took the cash in an envelope to Ellison's office and left it with a female employee. Upon returning to his business, he informed his bookkeeper he had paid the money to Ellison and she told him he needed to get a receipt. He further testified he later called Ellison to insure he had received the money and to request a receipt and that Ellison acknowledged receipt of the money stating that "he did not have the papers on his desk to send to me at that time but he would get them and send them to me." Burnside's

bookkeeper corroborated his testimony regarding their conversation as to the cash payment.

Ellison denied that he or anyone in his office ever received a cash payment from Burnside. Ellison further presented the testimony of others who stated they worked in his office during the time of the alleged payment and they never received a cash payment from Burnside.

On July 17, 1986, Ellison made a written demand for payment of the loan. Ellison testified he waited until 1986 before writing to Burnside because he understood Burnside was having a cash flow problem and, for some reason, that particular file was closed in his office.

Following a jury verdict for Ellison, counsel for Parts Distributors and Burnside made various post trial motions which the trial judge denied. Counsel specifically moved for a new trial on the grounds that the court failed to charge the jury on certain requested instructions and failed to allow inquiry into the identity of the lender and the fiduciary duties of Ellison as trustee.

Appellants first contend the trial judge erred by refusing to give a general jury charge on circumstantial evidence and inferences. They further allege error in the denial of the following specific charges: (1) Payment may be proved by circumstantial evidence; (2) Any circumstance which tends to make the proposition of payment more or less probable is relevant and may be considered by the jury; (3) Payment may be established by indirect evidence and without fixing the time, place or method of payment; (4) Delay in asserting a claim for a considerable period of time is circumstantial evidence of payment sufficient to warrant an inference of payment, when considered with other circumstances.

It is well settled that jury instructions should be confined to the issues raised by the pleadings and supported by the evidence and where an issue is implicitly suggested by the pleadings and supported by the evidence, the trial judge is obligated to instruct the jury concerning it. *Mouzon v. Moore & Stewart, Inc.*, 282 S.C. 233, 317 S.E. (2d) 756 (Ct. App. 1984). In order to warrant reversal for refusal of the trial judge to give requested jury instructions, refusal must have been both erroneous and prejudicial. *Ballou v.*

*Sigma Nu General Fraternity*, 291 S.C. 140, 352 S.E. (2d) 488 (Ct. App. 1986).

We hold the trial judge committed reversible error in refusing a general charge on circumstantial evidence.

We further find the trial judge erred in denying the specific requested charges on proof of payment by circumstantial evidence and proof of payment by delay in asserting a claim for a considerable period of time. These charges contained controlling legal principles which were confined to the pleadings and supported by the evidence. *See Lisenby v. Newsom*, 234 S.C. 237, 107 S.E. (2d) 449 (1959) (payment may be proved by circumstantial evidence and a long period of dormancy is some evidence of payment of the debt) and 60 Am. Jur. (2d), *Payment* § 201 (1987) (a creditor's delay in asserting a claim after a debt is due for a considerable period of time is circumstantial evidence of payment sufficient to warrant an inference of payment when considered with other circumstances). Failure of the trial judge to give these requested charges was prejudicial since payment was the sole issue before the jury and the majority of evidence presented by the appellants on payment was circumstantial in nature. It was critical that the jury be instructed on circumstantial evidence and the inferences to be drawn therefrom given the appellants' reliance on such evidence and support of the same in the record. As to the other two charges requested by the appellants, we find them to be either inapplicable to the facts of this case or sufficiently covered by the charges we found appellants specifically entitled to.

Appellants also contend the trial judge erred in limiting cross-examination as to the identity of the lender and Ellison's fiduciary duties as trustee. Because appellants failed to make a proffer on these points, it is impossible for us to determine their relevance and whether any prejudice was suffered by the appellants. Unless a party includes an offer of proof in the record, there is nothing for us to review. *Honea v. Prior*, 295 S.C. 526, 369 S.E. (2d) 846 (Ct. App. 1988). We therefore do not reach these issues.

Reversed and remanded.

BELL and GOOLSBY, JJ., concur.