23333

UNLIMITED SERVICES, INC., Petitioner v. MACKLEN ENTERPRISES, INC., and Melton Macklen, Respondents.

(401 S.E. (2d) 153)

Supreme Court

*Henrietta U. Golding* and *Preston B. Haines, III,* both of *Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers, P.A.,* Myrtle Beach, *for petitioner.*

*John L. Sweeny,* of *Hudson and Sweeny,* Myrtle Beach and *William I. Diggs,* North Myrtle Beach, *for respondents.*

Heard Oct. 4, 1990.

Decided Feb. 4, 1991.

TOAL, Justice:

This action was brought by restaurant owners Unlimited Services, Inc. against landlord Macklen Enterprises, Inc., and its sole owner, Melton Macklen, to recover damages for fraudulent misrepresentations and deceit. The jury awarded Unlimited $134,542.04 in actual damages and $100,000 in punitive damages. The Court of Appeals reversed on the grounds that Unlimited had no right to rely on the representations of respondents and therefore the trial court should have granted a directed verdict or judgment *non obstante veredicto.* We disagree and therefore reverse the decision reported at 298 S.C. 552, 382 S.E. (2d) 1 (1989).

## FACTS

The action arose out of alleged misrepresentations made in connection with a lease agreement between Unlimited and Macklen Enterprises. In the fall of 1983, a restaurant was constructed on the subject premises and a lease signed between Macklen Enterprises and Origin, Inc. The property runs parallel to U.S. Highway 17. During the construction of the restaurant, an access road from the highway was constructed. The road led from the highway to the restaurant parking lot.

The restaurant was completed in April 1984 and was operated as "Gina's Top Hat."

After Origin, the original lessee, closed its restaurant, William Smith and Mary-Margaret Sargent of Unlimited visited the site on several occasions and ultimately purchased the restaurant and executed an assignment of lease for the property. In February 1985, Unlimited opened the restaurant under the name "Bullshipper's." In April 1985, the Highway Department erected signs prohibiting the use of the access. The Highway Department later placed barricades across the access. When the barricades were knocked down, the Highway Department dug culverts making use of the access impossible. The restaurant business steadily declined and eventually closed in November 1985.

## DISCUSSION

Unlimited contends that the Court of Appeals failed to consider all of the evidence in the record when it reversed the jury verdict.

In ruling on motions for a directed verdict or judgment *non obstante veredicto,* the trial court must view the evidence and all reasonable inferences in the light most favorable to the non-moving party, and if it is susceptible of more than one reasonable inference, the case should be submitted to the jury. *Cutchin v. South Carolina Dept. of Highways and Public Transportation,* ___ S.C. ___ 389 S.E. (2d) 646 (1990); *Peggy O. Henderson v. St. Francis Community Hospital,* ___ S.C. ___, 399 S.E. (2d) 767 (1990).

The Court of Appeals found that there was no evidence to support the contention that the access was permanent and therefore the evidence was susceptible to only one reasonable inference. We disagree.

Viewing the evidence in a light most favorable to Unlimited, more than one reasonable inference can be drawn in regard to the contention that the access was permanent. Evidence was presented upon which a jury could base such a finding.

Evidence was presented that the driveway from the highway was the only access to the restaurant. The only other possible access to the restaurant was by entering an access about a quarter mile south of the restaurant which led to a Waffle

House and then traveling down a frontage road to the restaurant. The frontage road from the Waffle House to Unlimited's property, however, was not paved but rather covered with coquina. It was described as "bumpy whatevers." Even the Court of Appeals found that "the frontage road was not maintained, was bumpy and could not be considered as a road." Therefore, the evidence reveals that the driveway was the only access to the restaurant.

In addition, Macklen specifically told Unlimited that he would make necessary repairs to the access on two separate occasions. When the barricades were placed on the property, Macklen again assured Unlimited that he would have them removed. Macklen made these representations with full knowledge that the application for a permanent access had been denied.

It is our opinion that this evidence constitutes sufficient support for Unlimited's contention that there was no problem with the access of which they were on notice and negates the Court of Appeals' finding that there is no evidence to support the jury's verdict.

Unlimited also contends that the Court of Appeals erred in finding that they had no right to rely on Macklen's representations. We agree.

The general rule is that questions concerning reliance and its reasonableness are factual questions for the jury. In *Starkey v. Bell*, 281 S.C. 308, 315 S.E. (2d) 153 (Ct. App. 1984), the Court stated that

> issues of reliance and its reasonableness going as they do to subjective states of mind and applications of objective standards of reasonableness, are preeminently factual issues for the trier of facts.

The Court of Appeals reversed because they found that Unlimited did not have a right to rely without conducting their own investigation and review of public records. As noted previously, however, it does not appear that anything was ever done to put Unlimited on notice that there was a problem. The access appeared to be the only entrance into the restaurant. Furthermore, all actions by Macklen indicated that he would take care of the access and that it was totally under his control.

Therefore, we find that reliance was a jury issue since some evidence was presented and the Court of Appeals erred in finding that no evidence supported the jury's verdict.

For the reasons discussed above, the Court of Appeals is REVERSED and the jury verdict is reinstated.

GREGORY, C.J., and HARWELL, CHANDLER and FINNEY, JJ., concur.