1799

Gladys PERRY, Respondent v. Frank SMALLS, Appellant.

(417 S.E. (2d) 611)

Court of Appeals

*Marian D. Nettles* and *E. LeRoy Nettles* of *Nettles, Turbeville & Reddeck*, Lake City, *for appellant.*

*John Williams* of *Williams & Landis*, Moncks Corner, *for respondent.*

Heard Feb. 11, 1992.

Decided April 6, 1992.

SHAW, Judge:

Respondent, Gladys Perry, brought suit against appellant, Frank Smalls, for breach of contract and fraud. The case was submitted to the jury on the breach of contract action alone and the jury returned a verdict in favor of Mrs. Perry for $12,000. The trial judge denied Smalls' motions for judgment notwithstanding the verdict and, in the alternative, a new trial nisi. Smalls appeals. We affirm.

The record reveals the following. Mrs. Perry and her husband, William, hired Smalls to do some remodeling work on their house.[1] Smalls prepared two contracts totalling $19,900, said amount having been paid in full. The Perrys brought this suit for breach of contract and fraud complaining the work performed by Smalls was defective and incomplete. The trial judge dismissed the fraud action and submitted the breach of contract action to the jury.

Without rehashing the testimony of Mrs. Perry, we note she testified in detail of numerous glaring defects in the work performed by Smalls. She further testified a Mr. Ed Harvey inspected her home following the remodeling and she showed him the various defects.

Mrs. Perry presented the testimony of Harvey, a builder specializing in remodeling and repairs. He stated he was familiar with and had purchased the materials used for remodeling and repairing and had knowledge of their prices and qualities. He was then qualified as an expert in the area of home repairs and remodeling. Based upon his one and a half hour inspection of Mrs. Perry's home, Harvey testified in detail to the inadequate and incorrect work performed by Smalls. In January 1989, Harvey made a written proposal of what it would take to correct the work. At that time, it was his opinion it would cost $10,350 to repair Mrs. Perry's home as it should have been done. However, he was of the opinion, with the lapse of time and the price changes since January 1989, the cost would be $12,000 to $15,000.

---

[1] Mr. Perry died prior to the trial and Mrs. Perry proceeded with this action.

Following the close of her case and several motions by Smalls, Mrs. Perry moved to recall Harvey to testify to the value of work performed by Smalls. Smalls objected but the trial judge granted the motion allowing Mrs. Perry to reopen her case for the purpose of receiving Harvey's testimony.

On recall, Harvey testified the value of the work performed by Smalls was between $7,000 and $8,000 based on the work which was properly done. When asked whether Mrs. Perry received what she paid for, Harvey responded "definitely not." Although, he admitted that the figure was a ball park guess, he reiterated his opinion that the value of the work Mrs. Perry received was between $7,000 and $8,000.

Smalls raises numerous issues on appeal, several of which deal with the evidence on damages. He first contends the trial judge erred in permitting Mrs. Perry to reopen her case to provide expert testimony by Harvey on the value of Smalls' performance, and in failing to set aside the jury verdict because there was no adequate basis for the expert's opinion on the value of Smalls' performance. In making these arguments, Smalls asserts there was no competent evidence regarding money damages because the testimony regarding the $7,000 to $8,000 value of his performance was without basis, and this evidence should not have been allowed in as Mrs. Perry had closed her case without any evidence having been presented as to money damages. He contends that, other than the testimony regarding the value of his performance, there was no evidence of money damages presented at trial and an incorrect measure of damages was therefore used. We disagree.

Smalls has completely ignored the testimony of the expert prior to the initial closing of Mrs. Perry's case in which he indicated a cost of $12,000 to $15,000 to repair the defects. Although, the expert admitted some of the items included on his proposal should have been excluded, a thorough review of the record reveals the subtraction of these items keeps the figure for repair within the range of the jury verdict of $12,000.[2] Indeed, in the trial judge's order on

---

[2] Smalls takes issue with the inclusion of (1) painting the outside of the home, (2) installing shutters and (3) installing window screens. The expert testified the amount allocated for painting "inside and out" was probably "$1,500 tops." He estimated the cost for window screens to be $140 and the shutters to be $25 per pair for each window, although he was unsure of the

Smalls' post trial motions, he specifically found the jury verdict was supported by the expert's testimony on what it would cost Mrs. Perry to repair the defects left by Smalls. Smalls has neither excepted to nor argued against this finding of the trial judge. We therefore find no error in the denial of Smalls' motion to set aside the jury verdict. *See Unlimited Services, Inc. v. Macklen Enterprises, Inc.*, 303 S.C. 384, 401 S.E. (2d) 153 (1991) (in ruling on motions for directed verdict or judgment notwithstanding the verdict, the trial court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party, and if it is susceptible of more than one reasonable inference, the decision is within the province of the jury and the motion must be denied).

[We further find no error in allowing Mrs. Perry to re-open her case nor in the admission of Harvey's testimony on recall. As previously noted, the jury had before it evidence of the cost to repair Smalls' defects before the initial close of Mrs. Perry's case. We also find no prejudice to Smalls. As stated by the trial judge, Smalls took the deposition of the expert and had the opportunity to illicit his opinion on the value of the work properly performed. The trial judge also found Mrs. Perry reopened her case prior to the presentation of Smalls' case and that Smalls had ample time to present a witness to refute the expert's testimony but presented only himself. Smalls neither excepted to nor argued against these findings. *See Brown v. LaFrance Industries, a Division of Riegel Textile Corporation*, 286 S.C. 319, 333 S.E. (2d) 348 (Ct. App. 1985) (a trial judge enjoys considerable latitude and discretion in deciding whether to allow a party to reopen his case and this decision will not be disturbed unless the opposing party was prejudiced thereby).

As to the measure of damages, Smalls concedes the appropriate measure is the reasonable amount necessary to repair the alleged defects or complete the perfor-

number of windows on the house. Subtracting the $1,500 and $140 figures from the $15,000 estimate leaves $13,360. This then would leave $1,360 to allocate toward the shutters to bring the figure in line with the $12,000 verdict. At $25 a pair, the home would have to have 54 windows to cost a total of $1,360.

mance. This evidence was clearly before the jury.[3] We therefore find no error.

Smalls next contends the trial judge erred in denying his motions for directed verdict and judgment notwithstanding the verdict arguing the evidence shows the Perrys accepted Smalls' work as full compliance with the contract, without complaint of and with full knowledge of the alleged defects. Again, as stated by the trial judge in his order on post trial motions, there is evidence Mrs. Perry repeatedly complained of the defects and paid him in expectation that he would return to correct the defects.

At trial Mrs. Perry testified as follows:

> The contract—when [Mr. Perry] paid Mr. Small (sic) and Mr. Small (sic) came back that Monday morning, we say (sic) after we looked over the record, we thought he charged us too much for what he had done, and that several of the work wasn't done right. We didn't thought (sic) it was right and he got mad and he left. He went out there and pulled the screen door down and said that he would bring doors back and he never did come back. We never did see him anymore.

> .    .    .    .    .

> Ms. Nettles a lot of things we weren't satisfied with. But you know, he was at our home. And we hired him. I had a sick husband. My husband was short of breath. He could not argue. And he said he was not going to argue with Mr. Small (sic), since we had gotten him, we were going to try to go along with him. But when he came up and charged of (sic) that last term of money, that's when I said that I'm not going to let him get by with this because this is wrong.

When asked whether she called Smalls when she began having plumbing difficulties, Mrs. Perry replied, "No, I didn't, because William called him and he never did come back." Based on the foregoing evidence, we find Smalls' argument on the issue of acceptance to be meritless.

---

[3] Smalls does not contend the trial judge charged the jury incorrectly on the measure of damages and the transcript does not contain the charges to the jury.

Smalls next argues the trial judge erred in denying his motions for directed verdict and judgment notwithstanding the verdict based on the theories of prevention and hindrance. We first note there is no indication these theories were presented to or passed upon by the trial judge. They were not addressed in Smalls' directed verdict argument, the motion for judgment notwithstanding the verdict is not in the record before us, and neither of these theories was addressed in the post trial motions order. This court will not consider issues on appeal that were neither raised before nor ruled upon by the court below. *Windham v. Honeycutt*, 290 S.C. 60, 348 S.E. (2d) 185 (Ct. App. 1986). Further, even if we were to reach the merits of this issue, we find the record does not support Smalls' argument.

Smalls also asserts error in the trial judge's failure to set aside the $12,000 jury verdict when the complaint alleged the cost of repair was $10,000. We disagree. Mrs. Perry's expert submitted an initial proposal estimating a cost of $10,350 in January 1989. However, he testified, because of the price changes over the elapsed time, it would cost between $12,000 and $15,000 to repair the defects at the time of the trial. Rule 54(c), SCRCP provides in part:

> Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.

Finally, Smalls contends the trial judge erred in denying his motion to strike a paragraph from the complaint which alleged Smalls overcharged Mrs. Perry $5,000. He argues the testimony of Mrs. Perry's own expert was that there was no overcharge. After consideration of the expert's testimony as cited by Smalls in his brief, we do not find his statement to be a clear concession that there was no overcharge. Further, in light of the fact that the jury verdict is supported by evidence of the cost to repair the defects, we find any error in failing to strike this paragraph harmless.

Affirmed.

SANDERS, C.J., and LITTLEJOHN, A.J., concur.