23674

ORDERS DISTRIBUTING COMPANY, INC., Respondent v. NEWSOME CARPETS & WALLCOVERING, A General Partnership, and Carmen F. Allen and Sandy D. Newsome, Partners, Defendants, Of Whom Carmen F. Allen is Appellant. Appeal of Carmen F. ALLEN.

(418 S.E. (2d) 550)

Supreme Court

W.N. Moore, Jr., Columbia, *for appellant.*

J. Kershaw Spong, of *Robinson, McFadden & Moore,* Columbia, *for respondent.*

Heard Oct. 31, 1991.

Decided June 8, 1992.

Reh. Den. July 16, 1992.

FINNEY, Justice:

Appellant Carmen F. Allen appeals the circuit court finding that a partnership existed between appellant and Sandy D. Newsome and its entry of judgment against the appellant. We affirm.

Respondent Orders Distributing Company, Inc., instituted this suit in the Lexington County Court of Common Pleas against Defendants Newsome Carpets & Wallcovering and appellant and Newsome, as partners, to collect an alleged debt of $18,626.17 for carpet stock delivered to Newsome Carpets & Wallcovering pursuant to an established line of credit. Respondent also sought recovery of service charges, costs, interest, and attorney's fee and requested that the case be tried without a jury.

The appellant moved for a change of venue and, reserving her rights under such motion, answered by way of general denial and filed a counterclaim in which she 1) sought dismissal of the complaint, 2) requested damages for malicious prosecution, 3) asserted the defense of estoppel, and 4) demanded a jury trial. The appellant specifically denied that she and New-

some were partners and denied having any information or knowledge regarding completion of an application for credit. She asserted further that the respondent had taken a voluntary non-suit in its previous civil action against appellant, individually, seeking recovery of the same debt. Appellant contended the respondent was estopped from maintaining the within separate and distinct action, based upon the same facts as its initial suit, asserting vicarious liability by virtue of a partnership relationship.

In due course, the case proceeded to trial with a jury deciding liability and the judge assessing damages. The jury returned a verdict for the respondent, and the judge awarded judgment in the amount of $15,100.80 This appeal followed.

Pursuant to written agreement dated March 11, 1987, the appellant and Newsome conducted a carpet and wallcover business under the name of the Newsome Carpets. The agreement provided for a $5,000 cash investment by the appellant. Newsome's investment was to be of an equal value in the form of carpet stock, fixtures and equipment. Newsome agreed to provide purchasing power and credit backing for the carpet business, with ultimate credit backing supplied by John Robertson. Net profits from the carpet business would be disbursed quarterly as follows: Newsome 50%, appellant 40%, and Robertson 10%. Newsome and the appellant agreed that dual credit buying power would be used to purchase wallpaper stock, and that gross profit from the sale thereof would be equally divided between the two.

On November 4, 1987, the appellant and Newsome executed a document entitled "Partnership Agreement" which purported to establish the name, place, nature, and duration of the business and outlined operating procedures, rights, and responsibilities of the parties. The document referred to Newsome Carpets as a "partnership" and used the designation "partners" for the appellant and Newsome, each of whom received 50% ownership in return for their capital investment. Articles of Incorporation designating Newsome and the appellant as directors of Newsome Carpets, Inc., was filed in the Office of the South Carolina Secretary of State on November 5, 1987. The corporation was subsequently dissolved, ipso facto, with debts outstanding and insufficient assets to satisfy its financial obligations. The whereabouts of Newsome was

unknown at the time the matter was litigated.

On appeal the appellant asserts 1) that the trial judge erred in failing to give charges she requested concerning the law of partnership; and 2) that the jury's finding was not supported by sufficient evidence of a partnership either by intended information or under the theory of estoppel. We disagree.

The trial judge declined appellant's Charges Numbers 5, 6, 8, and 10, which delineate elements of the test for determining whether or not a partnership exists. Instead, the trial judge charged portions of the Uniform Partnership Act, S.C Code Ann. §§ 33-41-30, 210, 220, 310, and 380 (1976). The trial judge also declined to give appellant's Charges Numbers 12, 13, and 14 concerning apparent authority; rather, electing to instruct to instruct the jury on apparent authority pursuant to Section 33-41-310.

In order to warrant reversal for refusal of the trial judge to give requested jury instructions, such refusal must have been both erroneous and prejudicial. *Ellison v. Parts Distributors, Inc.*, 302 S.C. 299, 395 S.E. (2d) 740 (S.C. App. 1990). Failure to give requested jury instructions is not prejudicial error when instructions given afford the proper test for determining the issues. *Lever v. Wilder Mobile Homes, Inc.*, 283 S.C. 452, 322 S.E. (2d) 692 (S.C. App. 1984). We hold that the sections of the Uniform Partnership Act charged adequately cover South Carolina law on the elements of a partnership and the test for apparent authority.

We address next appellant's allegation of error by the trial court in failing to grant her motions for a directed verdict and judgment notwithstanding the verdict along with her contention that the jury's finding of the existence of a partnership is not supported by the evidence. When considering a motion for directed verdict or judgment non obstante veridicto, the trial judge must view the evidence and inferences therefrom in the light most favorable to the nonmoving party. If the evidence is susceptible of more than one reasonable inference, the case should be submitted to the jury. *Unlimited Services, Inc. v. Macklen Enterprise, Inc.*, 303 S.C. 384, 401 S.E. (2d) 153 (1991). Additionally, the factual findings of a jury should not be disturbed unless a review of the record discloses no evidence which reasonably supports such findings. *Graham v. Whitaker*, 282 S.C. 393, 321 S.E. (2d) 40 (1984).

Among other significant indicia of a partnership reflected in the record is the intent of the parties as indicated by the terms used and provisions of the "Partnership Agreement." Moreover, there is evidence that the appellant shared profits, rendered business advice, resolved employee problems and signed documents as a general partner of Newsome Carpets. Our review of this record reveals ample evidence to support the trial judge's denial of appellant's motions and the jury's finding that a partnership existed between Newsome and the appellant.

Accordingly, this Court affirms the finding and judgment of the circuit court.

Affirmed.

HARWELL, Acting C.J., and CHANDLER and TOAL, JJ., concur.

GREGORY, C.J., not participating.