23892

HORRY COUNTY, A Body Politic, Appellant v.
William LAYCHUR, Respondent.

(434 S.E. (2d) 259)

Supreme Court

---

*David J. Gundling,* of *Thompson, Henry, Gwin, Brittain & Stevens, P.A.,* Pawleys Island, *for appellant.*

*Kenneth S. Corbett* and *William Edward Chrisco,* Myrtle Beach, *for respondent.*

Heard Nov. 6, 1992.

Decided July 12, 1993.

FINNEY, Associate Justice:

Horry County appeals a circuit court judgment and finding which excludes from public use a portion of Respondent William Laychur's property known as Reaves Ferry. We affirm in part, reverse in part, and remand for a new trial.

## FACTS

Reaves Ferry, which borders on the Waccamaw River and has been used by the general public for approximately 100 years, was included in a tract of land respondent purchased from International Paper Realty Corporation (International Paper) on May 4, 1989. Subsequently, respondent attempted to restrict the public's use of Reaves Ferry. The appellant instituted this action seeking to have the respondent temporarily and permanently enjoined from denying the public free use of and access to Reaves Ferry, asserting the rights of prescriptive easement and/or expressed or implied dedication. The circuit court issued a temporary injunction on August 2, 1990. The case was tried before a jury August 5-7, 1991, and the jury returned a verdict for the respondent. This appeal followed.

## ISSUES

The appellant asserts that the trial judge erred (1) in failing to grant a directed verdict or judgment notwithstanding the

verdict on the issues of prescriptive easement and dedication; (2) in failing to give a corrective charge on the law of dedication with regard to acquiescence of the property owner; and (3) in permitting International Paper to present trial testimony concerning its general policy.

## LAW/ANALYSIS

Appellant contends it was entitled to a directed verdict or judgment notwithstanding the verdict in that the evidence did not support the jury's finding that no easement had been acquired under the doctrine of prescription nor had a dedication occurred. We disagree.

When considering a motion for directed verdict or judgment non obstante veredicto, the trial judge must view the evidence and all inferences therefrom in the light most favorable to the nonmoving party. If the evidence is susceptible of more than one reasonable inference, the case should be submitted to the jury. *Orders Distributing Co., Inc. v. Newsome Carpets & Wallcovering*, — S.C. —, 418 S.E. (2d) 550 (1992); *Unlimited Services, Inc. v. Macklen Enterprises, Inc.*, 303 S.C. 384, 401 S.E. (2d) 153 (1991). The factual findings of a jury should not be disturbed unless a review of the record discloses no evidence which reasonably supports such findings. *Orders Distributing Co., Inc. v. Newsome Carpets & Wallcovering, supra; Graham v. Whitaker*, 282 S.C. 393, 321 S.E. (2d) 40 (1984).

The following prerequisites must be met to establish a right by prescription: (1) There must be continued and uninterrupted use or enjoyment of the right for a period of 20 years. (2) The identity of the thing enjoyed must be proven. (3) The use must have been adverse or under a claim of right. *County of Darlington v. Perkins*, 269 S.C. 572, 239 S.E. (2d) 69 (1977). The record reflects trial testimony that International Paper was aware of and gave permission for its land to be used by the general public, and that its policy was to open company-owned lands for public recreational use if there was not a specific lease on the property. This evidence was offered to refute the claim that use by the public was adverse, an element essential to proving the existence of a prescriptive easement. Thus, more than one inference was raised,

mandating that the jury decide the issue of whether an easement was acquired under the doctrine of prescription.

Two elements are required to perfect dedication. First, the owner must express in a positive and unmistakable manner the intention to dedicate his property to public use. Second, there must be acceptance of such property by the public. *Helsel v. City of North Myrtle Beach*, 307 S.C. 24, 413 S.E. (2d) 821 (1992). The record discloses that International Paper allowed public use of its land pursuant to established policy; that Horry County classified, assessed, and collected taxes on the premises as private property; and that the disputed property has been sold three times since 1955 with no rights at any time reserved to the public. Hence, the showing of landowner intent to dedicate was placed in controversy.

Next, appellant claims the trial judge erred in failing to recharge the law of dedication as it pertains to acquiescence by the property owner. We agree.

During deliberations, the jury requested clarification of the legal theories involved. In recharging the law, the trial judge stated, in part:

> Thus, where acts of the owner justifies the public authority in believing the intention exists, and they act on such belief, dedication may be found to have occurred. Such an intention may be manifest by the owner's *acquisition* in continued use of the land by the public under the claim of a general public's right. No formal acceptance is required to constitute a valid dedication. Acceptance may be implied by the public's continuous use of the property. (Emphasis added.)

Appellant objected to the trial judge's use of the word *acquisition* instead of *acquiescence*, the correct word. The judge refused to give a corrective charge. In order to warrant reversal for refusal of the trial judge to give requested jury instructions, such refusal must have been both erroneous and prejudicial. *Ellison v. Parts Distributors, Inc.*, 302 S.C. 299, 395 S.E. (2d) 740 (Ct. App. 1990). Failure to give requested jury instructions is not prejudicial error when the instructions given afford the proper test for determining the issues. *Lever v. Wilder Mobile Homes, Inc.*, 283 S.C. 452, 322 S.E. (2d) 692 (Ct. App. 1984).

The jury interrupted their deliberations and sought clarification on the law of dedication. Acquiescence is a crucial element in determining a central issue of dedication. Considering that the uncorrected supplemental instructions were made at the request of the jury, the potential prejudicial effect of the erroneous instruction is heightened. We conclude that the inaccurate charge did not afford the jury a proper basis for determining the issues, and that the failure of the trial judge to give a corrective charge constitutes prejudicial error.

Finally, appellant alleges that the trial judge erred in ■ admitting testimony concerning International Paper's general policy, contending the testimony was irrelevant. We disagree.

Unless deemed incompetent under a legal theory, any ■ evidence which assists in getting at the truth of the issue in question is relevant, and the determination of relevance is largely within the discretion of the trial judge. *Strickland v. Coastal Design Associates, Inc.*, 294 S.C. 421, 365 S.E. (2d) 226 (Ct. App. 1987). International Paper's general policy concerning its property was relevant to the issue of the permissive use of Reaves Ferry. We do not find an abuse of discretion on the part of the trial judge.

## CONCLUSION

A review of the record reveals ample evidence to support the denial of appellant's motions and the findings of the jury. We affirm the trial court's denial of the motions for a directed verdict and judgment notwithstanding the verdict with regard to the issues of prescriptive easement and dedication. We reverse on the ground that the uncured error in the trial court's supplemental instructions with regard to acquiescence constitutes prejudicial error. This case is remanded for a new trial.

Affirmed in part, reversed in part, and remanded.

HARWELL, C.J., and CHANDLER, TOAL and MOORE, JJ., concur.