2492

Daniel FORCE, as Personal Representative of the Estate of Terry Force, and Daniel Force, individually, Appellant v. RICHLAND MEMORIAL HOSPITAL, Respondent.

(471 S.E. (2d) 714)

Court of Appeals

*Michael H. Montgomery, Michael S. Pauley,* and *Andrea S. Cannupp,* all of *Lide, Montgomery, Potts, & Medlock,* of Columbia, *for appellant.*

*Daniel R. Settana, Jr.* and *Ruskin C. Foster,* both of *McKay, McKay, Henry & Foster,* of Columbia, *for respondent.*

Heard Feb. 8, 1996.

Decided Apr. 8, 1996; Reh. Den. June 21, 1996.

CONNOR, Judge:

Daniel Force, as personal representative of the estate of Terry Force, sued Richland Memorial Hospital. He alleged the hospital failed to adequately inspect and maintain the automatic doors in its emergency room, causing them to malfunction and injure Terry Force. The jury returned a verdict for $109,000 on Terry Force's negligence claim and $21,000 on Daniel Force's loss of consortium claim. The circuit court granted the hospital's motion for judgment notwithstanding the verdict, setting aside the jury's verdict. Force appeals. We reverse.

## STANDARD OF REVIEW

When considering a motion for judgment notwithstanding the verdict, the trial judge cannot disturb the factual findings of a jury unless a review of the record discloses no evidence which reasonably supports them. *Horry County v. Laychur*, 315 S.C. 364, 434 S.E. (2d) 259 (1993). In making this determination, the judge must view the evidence and all its inferences in the light most favorable to the nonmoving party. *Id.* Furthermore, if more than one reasonable inference exists, the jury verdict must stand. *Id.*

## FACTS

The following testimony, viewed in the light most favorable to Force, supports the jury's verdict. On December 15, 1990, the electric sliding doors in the emergency room at Richland Memorial Hospital closed on Force, a paramedic for Richland County Emergency Medical Service, injuring her right shoulder. Even though she underwent surgery, she never regained full use of her arm.

Besam Southeast, Inc. manufactured the hospital's automatic doors, and Southern Door Controls of Columbia installed them. Besam provided a manual with the floor which advised "regular maintenance, the frequency of which is governed by environmental conditions and the density of traffic." These particular doors are among the busiest in Columbia. Southern recommended daily safety checks on the doors to prevent accidents, and offered maintenance packages, as well as training on safe inspection and maintenance of the doors. The hospital declined Southern's maintenance package. How-

ever, even though the hospital opted to maintain the doors itself, it failed to send its maintenance employees to the training sessions Southern offered. It also ignored safety recommendations of Besam and Southern, performing safety inspections only once a month. The problem with the doors in this case would have been detected, and therefore the injury avoided, if the hospital had conducted daily inspections.

## ANALYSIS

The hospital argues we should affirm the trial judge because it had no notice of the doors' defect. However, it relies on slip-and-fall cases holding the owner of a store cannot be negligent if a customer is injured unless the store has actual or constructive notice of the condition of the floor. *Calvert v. House Beautiful Paint & Decorating Ctr., Inc.*, 313 S.C. 494, 443 S.E. (2d) 398 (1994); *Wimberly v. Winn-Dixie Greenville, Inc.*, 252 S.C. 117, 165 S.E. (2d) 627 (1969); *Pennington v. Zayre Corp.*, 252 S.C. 176, 165 S.E. (2d) 695 (1969); *Hunter v. Dixie Home Stores*, 232 S.C. 139, 101 S.E. (2d) 262 (1957).

Slip-and-fall cases are distinguishable from the present case. In those cases, the floor is generally considered safe, absent a foreign substance which renders it unsafe. *Cf. Howard v. K-Mart*, 293 S.C. 134, 359 S.E. (2d) 81 (Ct. App. 1987) (evidence necessary to show a merchant's negligence for slippery wax or finish on a floor differs from the showing necessary where the presence of foreign substances is alleged; mere fact a floor is waxed does not constitute evidence of negligence). Here the hospital undertook a duty to keep the doors safe by maintaining and inspecting them. It received guidance from the manufacturer and the installer concerning the level of maintenance necessary to keep the doors in safe working order. It clearly had notice the doors would become unsafe absent frequent maintenance and inspection. Furthermore, the hospital should have foreseen that inadequate inspection could result in a failure to detect a malfunctioning door, thus potentially causing an accident like Force's.

Accordingly, we reverse the circuit court and reinstate the jury's verdict.

Reversed.

CURETON and HEARN, JJ., concur.