THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 

PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Matherine Brown, as Personal Representative of the Estate of Herbert L. Brown, Respondent,
 v.
 Clara McCray, as Personal Representative of the Estate of Clarence Bright, Appellant.
 
 
 

Appeal From Williamsburg County
 Thomas W. Cooper, Jr., Circuit Court Judge
Unpublished Opinion No.  2005-UP-201
Heard March 8, 2005  Filed March 18, 2005
AFFIRMED

 
 
 
 John H. Tiller and Neil D. Thompson, both of Charleston, for Appellant.
 Helen Tyler McFadden and Ronnie Alan Sabb, both of Kingstree, for Respondent.
 
 
 

PER CURIAM: Clara McCray, personal representative for the estate of decedent Clarence Bright, appeals from a jury verdict in favor of Matherine Brown, personal representative for the estate of decedent Herbert L. Brown.  Brights estate asserts that the trial court erred in denying her motion for judgment notwithstanding the verdict.  We affirm.
 
This case arises from a fatal automobile accident involving a truck driven by Bright.  Brown was a passenger.  The accident occurred when Bright failed to negotiate a curve and the truck struck two trees.  Expert testimony reveals that approximately seven seconds elapsed from the time the truck left the road until it came to a rest.  A witness who arrived at the scene shortly after the accident testified that when she looked into the truck, she noticed that the Bright was already dead, but she observed Brown moving, breathing, and moaning.  She also observed that the interior light was on.  The witness further testified that she left the scene for about fifteen minutes to call an ambulance, and Brown was still alive when she returned.  Brown died, however, before the ambulance arrived.
Browns estate brought a wrongful death and a survival action against Brights estate.  Brights estate moved for a directed verdict on the survival action, and the motion was denied.  The jury returned a verdict for Browns estate. Brights estate moved for judgment notwithstanding the verdict arguing Browns estate failed to establish conscious pain and suffering. The trial court denied the motion, and this appeal followed.
 
In ruling on a motion for JNOV, the trial judge must view the evidence and the inferences that can reasonably be drawn from it in the light most favorable to the nonmoving party.  Force v. Richland Meml Hosp., 322 S.C. 283, 284, 471 S.E.2d 714, 715 (Ct. App. 1996).  The trial judge must deny the motion when the evidence yields more than one inference or its inferences are in doubt.  Jinks v. Richland County, 355 S.C. 341, 345, 585 S.E.2d 281, 283 (2003).  Moreover, a motion for JNOV may be granted only if no reasonable jury could have reached the challenged verdict.  Gastineau v. Murphy, 331 S.C. 565, 568, 503 S.E.2d 712, 713 (1998).  The verdict will be upheld if there is any evidence to sustain the factual findings implicit in the jurys verdict.  Shupe v. Settle, 315 S.C. 510, 515, 445 S.E.2d 651, 654 (Ct. App.1994).
The South Carolina survival statute provides that a cause of action for personal injuries survives the decedents death.  S.C. Code Ann. § 15-5-90 (1976).  Damages for a decedents conscious pain and suffering are recoverable, but there must be proof that the decedent consciously suffered prior to death.  Smalls v. S.C. Dept of Educ., 339 S.C. 208, 216, 528 S.E.2d 682, 686 (Ct. App. 2000); Croft v. Hall, 208 S.C. 187, 193, 37 S.E.2d 537, 539 (1946).  A scintilla of evidence that the victim was conscious prior to death is sufficient to create a jury question.  Smalls, 339 S.C. at 216-17, 528 S.E.2d at 686-87. 
 
South Carolina courts have examined the existence of evidence of conscious pain and suffering on several occasions.  In Croft v. Hall, 208 S.C. 187, 194, 37 S.E.2d 537, 539 (1946), the supreme court found witness testimony that the decedent made terrible noises, talked, and appeared to recognize her mother sufficiently created a jury question.  In Bowers v. Charleston & W.C. Ry. Co., 210 S.C. 367, 372, 42 S.E.2d 705, 707 (1947), a witness testified the decedent was whining and drawing up, and groaning and struggling for breath.  Again, the supreme court allowed the case to go to the jury.  This Court recently considered the issue in Smalls v. S.C. Dept of Educ., 339 S.C. 208, 216, 528 S.E.2d 682, 686 (Ct. App. 2000).  In Smalls, the decedents father testified that he observed the decedent gasping for air and moaning somewhat. Id. at 217, 528 S.E.2d at 686-87.  He further testified he believed she could hear him and believed that she responded through movement of her fingers. Id.  This court held the evidence was sufficient to create a jury question, and noted [i]f there is any evidence from which a jury could reasonably conclude a decedent experienced conscious pain and suffering, the issue must be submitted to the jury.  Id., (quoting Vereen v. Liberty Life Ins. Co., 306 S.C. 423, 432, 412 S.E.2d 425, 431 (Ct. App. 1991)).  But cf. Camp v. Petroleum Carrier Corp., 204 S.C. 133, 28 S.E.2d 683 (1944) (holding the evidence failed to show an accident victim was conscious of pain and suffering where one witness heard the victim groan and the other witnesses saw no signs of life.) 
 
We think the evidence, recited above, is sufficient to allow a reasonable jury to find Brown experienced conscious pain and suffering.  
 
AFFIRMED.
HEARN, C.J., and GOOLSBY and WILLIAMS, JJ. concur.